■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY MOORE, Appellant.—Motion by the People for leave to reargue and/or renew an appeal from a judgment of the County Court, Suffolk County, rendered December 1, 1988, which was determined by decision and order of this court dated April 22, 1991 [172 AD2d 778].

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is,

Ordered that the motion is granted to the extent that reargument is granted, and, upon reargument, the original determination made in the decision and order dated April 22, 1991, is adhered to, and the motion is otherwise denied.

Contrary to the People's contention raised on this motion, they correctly conceded in their brief on the appeal that the defendant had exhausted his peremptory challenges. The record is clear that at the completion of the selection of the 12 jurors, the defendant had exhausted his peremptory challenges. After the first alternate juror was chosen, the panel from which alternate jurors had been selected was then exhausted. Rather than calling for a new panel, the parties agreed that the second alternate juror would be chosen from the jurors that had been previously peremptorily challenged. As part of this agreement, the defendant was permitted to withdraw one peremptory challenge he had already exercised, thus permitting a previously challenged juror to sit as the twelfth regular juror. The defendant was then permitted to exercise the challenge against the previously selected twelfth juror. That juror was then permitted to sit as the second alternate juror. Thus, the parties' agreement did not alter the fact that the defendant had exhausted all his peremptory challenges and the record does not otherwise indicate that as

a result of the agreement, the defendant regained a peremptory challenge that was not thereafter used by him.

The People's remaining contentions are without merit. Lawrence, J. P., Harwood, Rosenblatt and O'Brien, JJ., concur.